NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHEEN MCLEOD, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> JEFFREY GRIPPALDI, : <br> : <br> Defendant. : | Civ. No. 04 -3018 (AET) <br><br> **MEMORANDUM & ORDER** |

THOMPSON, U.S.D.J.

This matter comes before the Court on Plaintiff's application for pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). For the reasons stated below, Plaintiff's request is denied.

**Background**

Plaintiff is presently incarcerated in the Garden State Youth Correctional Facility, located in Yardville, New Jersey. On June 25, 2004, Plaintiff filed an action under 42 U.S.C. § 1983 against Defendant, Long Branch police officer Jeffrey Grippaldi. On November 5, 2004, Plaintiff submitted this application for pro bono counsel.

Plaintiff alleges that on June 21, 2002, Defendant racially profiled and stopped him for motor vehicle violations. Plaintiff claims that Defendant became very hostile and physically confrontational and that Plaintiff acted in self-defense in response to Defendant's physical aggressiveness. Nonetheless, as a result of the incident, Plaintiff went to trial and was convicted of aggravated assault on the Defendant. This action followed.

In support of his application for pro bono counsel, Plaintiff indicates that he needs the

assistance of an attorney because (1) he is faced with complex legal issues, and (2) he lacks the necessary familiarity with the rules of evidence and discovery to present an effective case. Plaintiff also asserts that, due to his incarceration, he is financially unable to retain legal counsel.

**Discussion**

Neither the Supreme Court nor the Third Circuit Court of Appeals have found a constitutional right to counsel for litigants in a civil case. Parham v. Johnson, 126 F.3d 454 (3d Cir. 1997). A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts are vested with broad discretionary authority to determine whether counsel should be designated to such a civil pro se plaintiff. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). However, the Third Circuit has indicated that courts should be careful in appointing pro bono counsel because "volunteer lawyer time is a precious commodity [which] should not be wasted on frivolous cases." Parham, 126 F.3d at 458. The appointment of counsel should be given consideration only if the plaintiff has not alleged a frivolous or malicious claim. Id. at 457. Therefore, as a threshold matter, this Court must first consider the merits of Plaintiff's claim. Tabron, 6 F.3d at 155 ("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law).

If Plaintiff's claim has arguable merit, the court will then consider a number of additional factors that bear on the need for appointed counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and Plaintiff's ability to pursue such investigation; (4) the likelihood that the case will turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether plaintiff can obtain and afford counsel on his own behalf. Id. at 156. This list of factors is not exhaustive, but instead is intended to serve as a guidepost for the district courts.

The Supreme Court, in Heck v. Humphrey, 512 U.S. 477, 481 (1994), held that a litigant

cannot proceed under section 1983 if success on his claim would necessarily imply the invalidity of the fact or duration of his conviction or sentence. Here, Plaintiff's allegation that his June 21, 2002 arrest and imprisonment were unlawful would seem to imply the invalidity of an element of his conviction for aggravated assault on a police officer. Regardless of whether Plaintiff's claim is barred by Heck, analysis of the Tabron factors suggests that appointment of counsel would not be warranted at this time.

Plaintiff appears to be able to present his claims. Plaintiff's submissions do not indicate that the legal issues involved are complex or that significant factual investigation or expert testimony will be required in this matter. Although Plaintiff's case may turn on witness credibility, this factor, in and of itself, does not warrant the appointment of counsel. On balance, the record does not support appointing counsel for Plaintiff at this time. The Court notes that Plaintiff may renew his request for appointment of counsel at any time during this litigation. Tabron, 6 F.3d at 156.

For the foregoing reasons,

IT IS on this 7th day of February, 2006,

ORDERED that Plaintiff's application for pro bono counsel is DENIED, without prejudice to his right to reapply at a later time.

                                                                       s/Anne E. Thompson
                                                      ANNE E. THOMPSON, U.S.D.J.